IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEESHA AUBOUG, *et al*,<br><br>*Plaintiffs*,<br><br>v.<br><br>EYRE BUS SERVICE, INC. *et al*,<br><br>*Defendants*. | Civil Action No. 2:20-cv-389<br><br>Hon. William S. Stickman IV |

## MEMORANDUM ORDER OF COURT

Plaintiffs commenced this lawsuit in the Allegheny County Court of Common Pleas on or about February 26, 2020, alleging they sustained injuries and damages as a result of the inhalation of "noxious fumes" while traveling on an Eyre Bus on August 5, 2017, due in part to an unrelated Amtrak trail derailment. (ECF No. 1-1). In Count II of the Complaint, Plaintiff Reneesha Auboug, as parent and natural guardian of her minor daughter, Kharisma Auboug, asserts a claim of negligence on behalf of her daughter against National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"). The case was removed to this Court on March 16, 2020. (ECF No. 1). Currently pending before the Court is Defendant Amtrak's Motion to Dismiss. (ECF No. 29). Amtrak contends that Plaintiff Reneesha Auboug, in contravention of Federal Rule of Civil Procedure 17(c) and caselaw from the Third Circuit Court of Appeals, is inappropriately attempting to represent her daughter. (ECF Nos. 29 and 30). Plaintiff Raneesha Auboug responds that she is "actively looking for an attorney" to represent her daughter. (ECF No. 34, p. 3). This Court must decide whether, as Amtrak contends, Reneeha Auboug's failure to retain counsel to represent her daughter's interests in this litigation warrants dismissal of Kharisma Auboug's claims.

1

When the case was originally filed and when it was removed to this Court, Plaintiffs were represented by counsel. (ECF Nos. 1-1 and 8). Plaintiffs terminated their attorney-client relationship on April 27, 2020, and the Court permitted counsel to withdraw by August 31, 2020 Order. (ECF Nos. 17 and 18). Since that time, Plaintiff Reneesha Auboug has continually represented to the Court that she is actively seeking to retain counsel for herself and her family members.

Fed. R. Civ. P. 17 requires that every action "be prosecuted in the name of the real party in interest." Fed. R Civ. P. 17(a)(1). "This means that an 'action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right.'" *Aetna Life Ins. Co. v. Found. Surgery Affiliates*, 358 F. Supp. 3d 426, 433) (E.D. Pa. Dec. 13, 2018) (citation omitted). Where the party in interest is a minor, Rule 17(c)(1) provides that a representative, such as a general guardian, committee, conservator, or like fiduciary may sue on a minor's behalf. If the minor does not have a representative, he or she may sue by a next friend or a guardian *ad litem*. Fed. R. Civ. P. 17(c)(2). There is no question that Reneesha Auboug may, consistent with Rule 17(c)(1) bring an action on behalf of Kharisma Auboug as her parent and general guardian.

It is the Court's obligation under Rule 17(c) only to determine whether Kharisma Auboug's rights are being adequately protected. There is no question that a plaintiff, as a general matter, has the right to represent herself in litigation. However, established caselaw holds that a *pro se* parent may not represent a minor child in litigation. *Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882-83 (3d. Cir. 1991) ("[W]e agree with *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam), that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.). The Third Circuit explained: "The

choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions. There is no individual choice to proceed *pro se* for courts to respect, and the sole policy concern at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others." *Osei-Afriyie*, 937 F.2d at 883. The Circuit concluded that "[t]he right to counsel belongs to the children, and…the parent cannot waive this right." *Id*…

The law is clear that Plaintiff Reneesha Auboug, as a *pro se* litigant cannot represent her daughter in this action and, further, cannot choose for her daughter Kharisma Auboug to proceed *pro se*. However, whether Reneesha Auboug can represent her daughter in this litigation and/or choose for her daughter to proceed *pro se* are different questions than whether this action should be dismissed under Rule 12. While Reneesha Auboug's lack of representation poses a real logistical problem to the progress of her claims though the litigation process, it is not grounds for dismissal.[1] As such, the Motion to Dismiss is denied.

The Court is empowered, and obligated, to foster the efficient, timely and just presentation and adjudication of claims brought in litigation. It understands that the failure of Kharisma Auboug to obtain counsel could lead to prejudicial delay and/or piecemeal litigation. Reneesha Auboug has repeatedly represented to the Court that she is in communication with counsel and believes that the retention of counsel is imminent. The Court will schedule a status conference/hearing to discuss the retention of counsel and a path forward with Kharisma Auboug's claims.

AND NOW, this 15th of December 2020, Amtrak's Motion to Dismiss (ECF No. 29) is DENIED. Plaintiff Reneesha Auboug has until January 25, 2021, to continue her efforts to find

---

[1] The Court reminds the parties that when this case was initially filed, all of the Plaintiffs were represented by counsel. The question of whether a *pro se* parent can file a cognizable claim on behalf of a minor child and/or the effect of such a filing is not, therefore, before the Court.

3

counsel for herself and her family members. The Court will convene a status conference/hearing on January 28, 2021, at 10:30 AM via Zoom on the matter of counsel for Plaintiffs. The Zoom information for the hearing will be provided at a later date by the Court's Deputy Clerk. Should Reneesha Auboug fail to obtain counsel, the Court will address at the evidentiary hearing whether a next friend or a guardian *ad litem* should be appointed for Kharisma Auboug. All Plaintiffs – Reneesha Auboug, Yves Auboug, and Kharisma Auboug - must appear virtually at the evidentiary hearing.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE